UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JONATHAN BROOKS TRUXILLO

                                                     CIVIL ACTION

VERSUS

                                                     NO. 16-369-JJB-EWD

AMERCIAN ZURICH
INSURANCE COMPANY, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 24, 2016.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JONATHAN BROOKS TRUXILLO

CIVIL ACTION

VERSUS

NO. 16-369-JJB-EWD

AMERCIAN ZURICH
INSURANCE COMPANY, ET AL.

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by Plaintiff, Jonathan Brooks Truxillo, individually and on behalf of his wife, Keri Ann Truxillo, and their minor children, Jonathan H. Truxillo, Connor B. Truxillo, and Tyler P. Truxillo ("Plaintiff").[1]  Defendants, Zurich American Insurance Company, Quality Carriers, Inc. and Warner Kyle Houston (collectively, "Defendants") have filed an Opposition.[2]  For the reasons set forth herein, it is the recommendation[3] of the undersigned that the Motion to Remand[4] be DENIED.  In the event this recommendation is adopted, the undersigned further recommends that Defendants be granted leave to amend their Notice of Removal pursuant to 28 U.S.C. § 1653 to allege jurisdictional facts consistent with this Report.  It is further recommended that this matter be referred to the undersigned for a scheduling conference.[5]

---

[1] R. Doc. 6.

[2] R. Doc. 8.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review."  *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] R. Doc. 6.

[5] The prior scheduling conference was cancelled to permit resolution of the Motion to Remand.  R. Doc. 11.

## I.       Background

This lawsuit arises out of a May 19, 2015 motor vehicle accident involving Jonathan Brooks Truxillo ("Truxillo" or "Plaintiff") and Warner Kyle Houston ("Houston").[6]  Plaintiff alleges that while driving a truck with an attached trailer in an eastbound direction on Interstate 10 near Rosedale, Iberville Parish, Louisiana, Houston "crossed the centerline and side-swiped the vehicle being driven by plaintiff, Jonathan Brooks Truxillo."[7]  Plaintiff further alleges that the truck driven by Houston was owned by Quality Carriers, Inc. ("Quality") and insured by Zurich American Insurance Company ("Zurich").[8]  Plaintiff alleges that Houston was operating the truck while in the course and scope of his employment with Quality or, alternatively that Houston was driving the truck with the express permission and consent of Quality.[9]  As a result of alleged injuries to his head, neck, shoulders, back, chest, and body as a whole, Truxillo seeks damages for past and future medical expenses, past lost earnings, future loss of earning capacity, past and future pain and suffering, past and future mental and emotional anguish, and past and future disability.[10]  In addition, Plaintiff alleges that his wife and children are entitled to damages for, *inter alia*, loss of consortium.[11]

Plaintiff filed suit on May 11, 2016.[12]  On June 7, 2016, Defendants filed a Notice of Removal, asserting that this court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. In their Notice of Removal, Defendants allege that Truxillo "at the time of the commencement of

---

[6] R. Doc. 1-2.

[7] R. Doc. 1-2, ¶¶ 3 & 4.

[8] R. Doc. 1-2, ¶ 6.

[9] R. Doc. 1-2, ¶¶ 8 & 9.

[10] R. Doc. 1-2, ¶¶ 10 & 11.

[11] R. Doc. 1-2, ¶¶ 13-16.

[12] R. Doc. 1-2.

said action and at all times thereafter through and including the present time, is a person of full age and majority domiciled in the Parish of St. Martin, Louisiana."[13]  Defendants further allege that complete diversity exists because Quality "is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Tampa, State of Florida,"[14] Zurich "is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Illinois,"[15] and Houston "is a citizen of and domiciled in Toccopola, Pontotoc County, State of Mississippi."[16]

On July 7, 2016, Plaintiff filed the instant Motion to Remand.[17]  Therein, Plaintiff asserts that the Notice of Removal is procedurally and jurisdictionally defective "because defendant, Warner Kyle Houston, failed to allege that he was a citizen of the State of Mississippi at the time Plaintiffs filed their Petition for Damages, and the only record evidence…shows that Mr. Houston was a citizen of Louisiana at the time this action was commenced."[18]  Plaintiff points out that Houston "only alleged that he is presently a citizen of Mississippi."[19]  He further asserts that the traffic crash report contradicts Houston's assertion that he is a Mississippi domiciliary because the report "shows that Mr. Houston maintains a Louisiana driver's license as well as a Louisiana residence."[20]  Based on the traffic crash report, Plaintiff concludes that "both Mr. Truxillo and Mr.

---

[13] R. Doc. 1, ¶ VIII(a).

[14] R. Doc. 1, ¶ VIII(c).

[15] R. Doc. 1, ¶ VIII(d).

[16] R. Doc. 1, ¶ VIII(b).

[17] R. Doc. 6.

[18] R. Doc. 6, p. 1.

[19] R. Doc. 6-1, p. 2.

[20] R. Doc. 6-1, p. 2.

Houston are domiciled in, and citizens of Louisiana, [and therefore] there is no diversity, and this Court lacks subject matter jurisdiction."[21]

On October 19, 2016, this court held a hearing in order to determine whether Defendants could meet their burden of establishing by a preponderance of the evidence that the parties are completely diverse.  During the hearing, Mr. Houston was sworn as a witness and testified.[22]

## II.    Law and Analysis

### A.  Legal Standard

Pursuant to 28 U.S.C. § 1332(a), this court has original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."  "It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation."  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  "Consistent with general principles for determining federal jurisdiction, diversity of citizenship must exist at the time the action is commenced.  In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court."  *Id*. at 248-249 (internal citations omitted).  *See also*, *Cates v. Mescherskaya*, 2014 WL 2979376, at * 2 (E.D. La. July 1, 2014) ("When diversity of the parties is at issue, it must be shown by a preponderance of the evidence that diversity exists when the action is commenced, and also, at the time of removal.").  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  "Any ambiguities are construed against removal because the removal statute should be strictly construed

---

[21] R. Doc. 6-1, p. 2.

[22] R. Doc. 13.

5

in favor of remand." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

### B.  Procedural Defect

The Fifth Circuit has held that a "procedural defect" is "any defect that does not go to the question of whether the case originally could have been brought in federal district court…." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993).   Under this standard, the failure to allege citizenship at the time the petition was filed in the notice of removal constitutes a procedural defect. *Id.* (removing defendant's failure to allege "plaintiff's citizenship at the time the original petition was filed constitutes a procedural, rather than jurisdictional defect…."); *Constance v. Austral Oil Exploration Co., Inc.*, 2013 WL 495779, at * 2 (W.D. La. Feb. 6, 2013) ("The court agrees with plaintiffs that the Notice of Removal was procedurally defective insofar as it failed to allege the domicile of the defendants at both the time of removal and the time of filing.").   Here, Plaintiff correctly points out that Defendants' Notice of Removal fails to allege Houston's citizenship at the time the state court petition was filed.  Instead, Defendants only assert that Houston "is a citizen of and domiciled in Toccoploa, Pontotoc County, State of Mississippi."[23]  During the October 19, 2016 hearing, all parties agreed that to the extent jurisdictional *allegations* set forth in the Notice of Removal were insufficient, such allegations could be amended pursuant to 28 U.S.C. § 1653.

28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  The Fifth Circuit has instructed that § 1653 "is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." *Whitmore v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000).   "'[A] district court's power to authorize amendments to cure a competence problem under section 1653, and by extension under

---

[23] R. Doc. 1, ¶ VIII(b).

Rule 15(a), turns on the nature of the jurisdictional defect.'  While a district court can "remedy inadequate jurisdictional allegations," it cannot remedy "defective jurisdictional facts."  *Id.* (internal citations omitted).  *See also*, *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979) (amendment is permissible where "original petition for removal…failed to specifically allege the citizenship of the parties at the time the suit was brought and at the time the removal petition was filed.").

As discussed below, because the undersigned finds that Defendants have met their burden of establishing that jurisdictional facts support federal subject matter jurisdiction, the undersigned also finds that the procedural deficiency pointed out by Plaintiff can be cured by amendment.  *In re Allstate Ins. Co.*, 8 F.3d 219, 222 (5th Cir. 1993) ("where subject matter jurisdiction exists and any procedural shortcomings may be cured by resort to § 1653, we can surmise no valid reason for the court to decline the exercise of jurisdiction."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919-920 (5th Cir. 2001) ("when the record establishes the diversity of the parties, but the party asserting federal jurisdiction has failed to specifically plead that the parties are diverse, we allow that party to amend its pleadings to correct for their technical deficiency.").

### C.  Citizenship of Houston

The parties do not dispute the citizenship of Plaintiff and defendants Quality and Zurich. The parties disagree, however, on Houston's domicile at the time this suit was filed.  If defendant Houston was domiciled in Louisiana on the date this suit was filed, then complete diversity does not exist and this case must be remanded back to state court.

"In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Coury v. Prot*, 85 F.3d

7

244, 249 (5th Cir. 1996). In determining a litigant's domicile, the court may consider a variety of factors, and no single factor is determinative. *Id*. at 251. "The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id*. *See also*, *Old Towne Development Group, LLC v. Matthews*, 2009 WL 3254875, at * 4 (M.D. La. Oct. 8, 2009) (considering factors including voting, purchase versus rental of a home, relocation of family and belongings, membership in community organizations, investments, and tax filings in conjunction with question of whether party changed domicile); *Nalls v. Smith*, 2013 WL 6530840, at * 2 (M.D. La. Dec. 12, 2013) (in determining citizenship, the court may look at any evidence in the record, and may receive affidavits or testimony). Further, "[a] litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." *Coury*, 85 F.3d at 251.

Mr. Houston explained during the October 19, 2016 hearing that he was born in Mississippi and that on the date suit was filed, he was living in his car in Houston, Texas, while his wife and children were residing in Mississippi. He stated that he attended boarding school in Mississippi and thereafter attended college in Louisiana, but did not graduate. Although Houston described a generally nomadic lifestyle, he noted that he was previously certified to teach in Texas and owned property in Texas, which he sold in 2005. He stated that he is registered to vote in Mississippi and that he presently owns two tracts of land in Mississippi, which he purchased in 2009.[24] While he

---

[24] Houston explained that his wife and children currently live in a home on one of the tracts, and that while there is a home on the other, neighboring, tract, that house in presently uninhabitable. He further explained that he purchased the Mississippi property to "connect with his roots." During the hearing, counsel for Mr. Houston asserted that Houston had filed a state of Mississippi income tax return in 2015. However, the tax return was not presented as evidence.

stated his belief that he did not have a true domicile, he explained that the closest thing to a domicile would be Mississippi, and that prior to Mississippi, perhaps Texas. While he acknowledged having a P.O. Box in Louisiana, he also stated that he did not intend to leave anything in Louisiana and does not consider himself to be a citizen of Louisiana.

As noted above, Plaintiff relies on the May 19, 2015 traffic crash report as evidence of Houston's Louisiana citizenship at the time Plaintiff filed his state court petition.[25] Plaintiff points out that the crash report lists a Louisiana address for Houston, and reflects that he has a Louisiana driver's license.[26] Although the accident report records Houston's street address as 4252 B. Geigy Access, St. Gabriel, Louisiana, Quality's website indicates that this address is actually associated with one of its business locations and thus it does not appear to be Houston's residential address.[27] During the October 19, 2016 hearing, Houston confirmed that the Geigy Access address is associated with Quality, and that he obtained a Louisiana Commercial Driver's License ("CDL") as a matter of necessity and convenience. Specifically, Houston explained that he obtained his Louisiana CDL in September, 2014. He previously held a Texas CDL but was in Alabama when his Texas CDL needed to be renewed, and therefore obtained an Alabama CDL. When it was again time to renew the license, Houston explained that he would have preferred a Texas CDL, but he did not have time to return to Texas and instead obtained a Louisiana CDL.[28] He further explained that while he understood that an applicant for a Louisiana CDL is required to be a Louisiana domiciliary, the address which he included was not an address at which he lived and that he "had to put an address down." He could not recall what, if anything, he submitted as proof

---

[25] R. Doc. 6-1, p. 2. *See also*, R. Doc. 6-2.

[26] R. Doc. 6-1, p. 2.

[27] https://www.qualitycarriersinc.com/our-customers/tools/location-search?city=Baton%20Rouge,%20LA.

[28] Houston clarified that he only had one CDL at a time.

of his Louisiana residency when completing his Louisiana CDL application, but testified repeatedly at the hearing that he basically lives "in his truck" and does not really have a residence.

Defendants also explain in brief that "Houston is a commercial truck driver who does not maintain a traditional permanent residence"[29] and contend that "Houston's residence does not fit into the usual and customary definition of domicile."[30]   Additionally, Defendants point to certain documents in Houston's personnel file from Cletex Trucking, Inc. ("Cletex"), an affiliate of Quality, which show Houston's mailing address to be in Toccopola, Mississippi.[31]   Although Defendants did not explicitly assert Houston's citizenship at the time suit was filed in their briefing, during the October 19, 2016 hearing, Defendants took the position that at both the time suit was filed and the time of removal, Houston was domiciled in Mississippi.[32]

"A person acquires a 'domicile of origin' at birth, and this domicile is presumed to continue absent sufficient evidence of change," *Roy O. Martin Lumber Co., LLC v. Hartford Steam Boiler Inspection & Ins. Co.*, 2012 WL 1596715, at * 5 (W.D. La. May 4, 2012) (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir.1954)).   Houston testified under oath during the October 19, 2016 hearing that he was born in Mississippi.   Accordingly, the undersigned finds that Houston's

---

[29] R. Doc. 8, p. 4.

[30] R. Doc. 8, p. 4.

[31] R. Doc. 8, p. 2.  Specifically, Defendants attach a "New Driver Payroll Form" and W-4 form both dated February 4, 2015 as well as a Medical Enrollment Form dated May 1, 2015 reflecting Houston's address as P.O. Box 474, Toccopola, Mississippi.  In light of Defendants' assertion that Houston also maintained P.O. boxes in Texas and Louisiana, the undersigned does not find the P.O. Box listed on Houston's personnel file documents to be persuasive evidence of his domicile.  Moreover, other courts that have considered the effect of post office boxes have declined to find they are evidence of domicile.  *See, Byrd v. QDRO Office*, 2014 WL 4715869, at * 3 (N.D. Ohio Sept. 22, 2014) ("At best, a post office box may demonstrate residence in a particular location."); *Smith v. Breakthrough International*, 2013 WL 4731245, at * 4 (N.D. Cal. Sept. 3, 2013) (just having a post office box is not sufficient proof of domicile).

[32] In their briefing, Defendants argue a negative, *i.e.*, that Houston was *not* a citizen of Louisiana at the time the state court petition was filed.  Indeed, Houston's affidavit concludes with his statement that "I do not consider myself to be a resident or citizen of the State of Louisiana on May 11, 2016" (the date the petition was filed in state court).  R. Doc. 8-2, ¶ 9.  At the hearing, Defendants clarified their position.

"domicile of origin" is Mississippi.  There is a "presumption in favor of the continuing domicile which requires the party seeking to show a change in domicile to come forward with enough evidence to that effect to withstand a directed verdict." *Coury*, 85 F.3d at 249.  *See also*, *Sanderson v. Progressive Ins. Co.*, 2014 WL 2993816, at * 4 (M.D. La. July 1, 2014) ("A person's domicile persists until a new one is acquired or it is clearly abandoned.  'There is a presumption of continuing domicile that applies whenever a person relocates.'") (quoting *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003)).  Here, for the reasons discussed below, the undersigned finds that there is insufficient evidence to prove that Houston's domicile of origin was changed such that Houston was a Louisiana domiciliary at the time this suit was filed.

Setting aside the various P.O. boxes allegedly held by Houston,[33] the undersigned is left with the following: (1) at the time this suit was filed Houston was unemployed and living in Texas, but his family was living in Mississippi; (2) Houston has owned property in Mississippi since 2009 and his wife and children currently live on one tract of that property; (3) Houston previously owned property in Texas, but sold that property in 2005; (4) Houston is registered to vote in Mississippi; (5) at the time of the accident, as well as the time this suit was filed, Houston held a Louisiana commercial driver's license, and prior to holding a Louisiana CDL, had either a Texas or Alabama CDL; (6) as a professional truck driver, Houston spends most of his time in his truck; and (7) Houston considers himself to be likely a domiciliary of Mississippi.  Houston's averment regarding his Mississippi domiciliary status is supported by the facts that his family resides in Mississippi, he owns property in Mississippi, and he is registered to vote in that state.

---

[33] In addition to his Louisiana P.O. Box, Defendants assert in brief that Houston also maintains P.O. Boxes in Spring, Texas and Marietta, Georgia.  However, these assertions are not reflected in Houston's affidavit and were not discussed during the October 19, 2016 hearing.

However, it is uncontested that Houston, at the time of the accident and thereafter, held a Louisiana commercial driver's license.  Under Louisiana law, "[a]n applicant for a commercial driver's license must be a domiciliary of [Louisiana], unless applying for a nonresident commercial driver's license.  La. R.S. § 32:404.1.  Although the statute appears to contemplate two types of commercial licenses, this court was unable to confirm whether Louisiana actually issues nonresident commercial driver's licenses to applicants such as Houston (*i.e.*, an individual who may be a citizen of another state).  Moreover, Houston stated during the October 19, 2016 hearing that he was aware of the Louisiana domiciliary requirement when he applied for the Louisiana CDL and unaware of any possibility to obtain a non-residential license.

"[W]ith regard to domicile, it is persuasive, though not conclusive, that a party has obtained a public benefit that is preconditioned upon one being domiciled in that particular state."  *Cates v. Mescherskaya*, 2014 WL 2979376, at * 5 (E.D. La. July 1, 2014).  *See also*, *Renteria v. Bhambra*, 2015 WL 11035545, at * 1 (N.D. Tex. Aug. 31, 2015) (granting unopposed motion to remand based on proof that defendant was a citizen of Texas (the same as plaintiff) "because Defendant has a Texas commercial driver's license, which requires proof of Texas residence to obtain.").  As discussed herein, Houston testified during the October 19, 2016 hearing regarding the circumstances involved in obtaining his Louisiana CDL, and his need to just "put an address."  It is uncontroverted that the address included on Houston's Louisiana CDL is not, and was not at any time, Houston's residential address.  Under the circumstances, especially in light of Houston's previous CDLs issued in Texas and Alabama, the undersigned cannot find that Houston's Louisiana CDL is sufficient evidence to overcome the presumption of Houston's continuing Mississippi domicile.[34]  *See*, *Sanderson v. Progressive Ins. Co.*, 2014 WL 2993816, at * 4 (M.D.

---

[34] Houston's hearing testimony – especially his statement that he previously owned property in Texas – is some indication that he may have changed his domicile to Texas.  Houston also explained that he had a medical card issued

La. July 1, 2014) (recommending motion to remand be denied based on evidence that defendant established Georgia domicile and did not change domicile to Louisiana despite obtaining Louisiana CDL and noting that although defendant had "relocated to Louisiana for the apparent limited purpose of employment as a commercial trucker, there is no indication of any intent to remain indefinitely in Louisiana.").[35]

A party asserting federal jurisdiction must "distinctly and affirmatively allege[]" citizenship, *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988), and allegations phrased in the negative are insufficient. *See*, *Constance v. Austral Oil Exploration Co., Inc.*, 2013 WL 495779, at * 3 (W.D. La. Feb. 3, 2013). Here, the undersigned finds that Defendants have put forth sufficient jurisdictional facts to establish Houston's domicile of origin to be Mississippi, and that there is insufficient evidence to show that this domicile was changed. Accordingly, at both the time this suit was filed and the time it was removed, the undersigned finds that Houston was a domiciliary of Mississippi. As noted above, Defendants' Notice of Removal fails to affirmatively allege Houston's citizenship on the date the petition was filed. Accordingly, the undersigned finds that because jurisdictional facts support the existence of federal subject matter jurisdiction, Defendants should be allowed to amend their jurisdictional allegations under 28 U.S.C. § 1653 to include such facts.

---

in Texas in 2015. However, without more, the undersigned does not find Houston's statements regarding Texas property and his medical card to be sufficient evidence to overcome the presumption of his continuing domicile of origin.

[35] Although Houston testified that he has great love for Louisiana, he also made it clear that he had no intent to remain in Louisiana indefinitely even as of the time he obtained the Louisiana CDL.

### III.    Conclusion

For the reasons set forth herein, it is the recommendation of the undersigned that the Motion to Remand[36] be DENIED.  In the event this recommendation is adopted, the undersigned further recommends that Defendants be granted leave to amend their Notice of Removal pursuant to 28 U.S.C. § 1653 to allege jurisdictional facts consistent with this Report.  It is further recommended that this matter be referred to the undersigned for a scheduling conference.

Signed in Baton Rouge, Louisiana, on October 24, 2016.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[36] R. Doc. 6.